| | | |
|---|---|---|
| JIE CHEN<br>No. 1 Building, Fang Cheng Jia Yuan Community<br>Gu'an County City of Langfang<br>Heibei, 065500 China,<br><br>      Plaintiff(s)<br><br>      v.<br><br>ANTONY J. BLINKEN, in his official capacity, Secretary,<br>U.S. Department of State;<br>   U.S. Department of State<br>   2201 C St. NW<br>   Washington, DC 20520<br><br>MERRICK B. GARLAND, in his official capacity, Attorney<br>General, Office of Attorney General, U.S. Department of<br>Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>IAN G. BROWNLEE, in his official capacity, Acting<br>Assistant Secretary, Bureau of Consular Affairs;<br>R. NICHOLAS BURNS, in his official capacity,<br>Ambassador, United States Embassy, Beijing, China;<br>JOHN DOE, in his official capacity, Consular Officer, U.S.<br>Embassy, Beijing, China;<br>   U.S. Department of State<br>   2201 C St. NW<br>   Washington, DC 20520<br><br>      Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br><br>Civil Action 1:22-cv-2143 |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS AND DECLARATORY JUDGMENT**

Brian Kholodovsky, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: brian@jeelani-law.com.

1

**INTRODUCTION**

COMES NOW JIE CHEN (hereinafter "JIE" or "Plaintiff") the Plaintiff, by and through the undersigned attorney, in the above cause, and state as follows:

1. This action is brought because of Defendant's failure to adjudicate Plaintiff's Immigrant Visa Application (hereinafter "Application") within a reasonable period of time; a period of eight months has passed since the O-1 visa interview has taken place and Defendants have yet to provide a final adjudication. Plaintiff has a clear right to adjudication of Plaintiff's Application in a timely manner. The final adjudication of her Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to act on the Application.

3. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

**PARTIES**

4. Plaintiff JIE is a citizen of CHINA and the beneficiary of an approved I-129 by virtue of Plaintiff qualifying for an O-1 Visa based on her extraordinary ability. PLAINTIFF is also the visa applicant in this matter.

5. Defendant ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by

the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies   This action is filed against him in his official capacity.

6. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

7. Defendant IAN G. BROWNLEE is the Assistant Secretary of State for Consular Affairs.  As Assistant Secretary, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs.  This action is filed against him in his official capacity.

8. Defendant R. NICHOLAS BURNS is the Ambassador of the United States Embassy in Beijing, China.  He is the principal officer in charge of the Embassy.  This action is filed against him in his official capacity.

9. Defendant John DOE is a Consular Officer at the United States Embassy in Beijing, China. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

11. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

12. The Plaintiff has repeatedly requested the Defendants to make a final decision on Plaintiff's Application. Further, Plaintiff has initiated numerous inquiries with the United States Consulate in Shanghai, China without any resolution. The Plaintiff have exhausted her administrative remedies. Plaintiff has supplied the United States Embassy in Shanghai, China with documents that establish Plaintiff's eligibility to receive an O-1 Visa to come to the U.S. as a person of extraordinary ability.

13. There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

14. On November 18, 2021, Plaintiff appeared for her visa interview with the United States Embassy in Shanghai, China [Case# AA00AC6WOR].

15. After the interview, Plaintiff was informed that she would be subject to administrative processing.

16. On November 28, 2021, Plaintiff's Form I-129, Petition for a nonimmigrant worker was approved**. [EXHIBIT A]**.

17. Plaintiff has made numerous inquiries directly with the embassy in Shanghai, China, and through her local congressman and congresswoman, however, Plaintiff has not received any meaningful response to her inquiries. **[EXHIBIT B, C, D, and E]**.

18. The Department of State, and the U.S. Embassy in Shanghai, China refuses to allege an average processing time for Visa Applications. Moreover, the agencies refuse to provide further explanation which would merit the need for over eight months of processing time.

19. Plaintiff has endured significant financial, emotional, and medical hardships because of the unreasonable period of time that Plaintiff's cases has been pending.

20. Plaintiff has been forced to live in China while also paying for and maintaining her residence in the United States.

## COUNT I

## VIOLATION OF THE APA

21. All prior paragraphs are re-alleged as if fully stated herein.

22. Plaintiff has a statutory right to apply for a visa pursuant to 8 U.S.C. § 1153.

23. Defendants have a duty to adjudicate Plaintiff's Application within a reasonable period under 5 U.S.C. §555(b) and 22 CFR § 42.81.

24. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

25. No other adequate remedy is available to Plaintiff.

26. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate the Application.

27. Given the Defendants' lack of a reason for not deciding on Plaintiff's Application for over seven months since the date of the Plaintiff's consular interview, Plaintiff's Application has been pending for an unreasonably long period of time.

28. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

29. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's Application and have failed to carry out the adjudicative functions delegated to them by law regarding Plaintiff's case.

30. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff JIE'S due process rights pertaining to her employment choices, and not in accordance with the law.

Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff's Application, thereby depriving Plaintiff of the rights to which she is entitled.

31. In addition, because of this delay, Plaintiff has incurred enormous costs and now significant attorney's fees; in effect, her entire life is on hold due to Defendants' inaction.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: July 20, 2022

Respectfully submitted,

/s Brian J. Kholodovsky
**Brian J. Kholodovsky, Esq. (6300193)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**brian@jeelani-law.com**
**Phone:(312)868-0629**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*